

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2008

# In Re: Mid-Valley Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2044

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Mid-Valley Inc " (2008). *2008 Decisions.* Paper 705.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/705

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2044
_____

IN RE:  MID-VALLEY, INC., et al.,

Reorganized Debtors


ILLINOIS CENTRAL RAILROAD CO.,

Appellant

* Amended per Clerk's Order dated 9/11/07
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00941)
District Judge:  Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2008

Before:  FISHER and JORDAN, *Circuit Judges*, and YOHN,[*] *District Judge*.

(Filed: August 6, 2008)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable William H. Yohn, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Illinois Central Railroad Co. ("Illinois Central") sought to intervene in a closed bankruptcy matter in an attempt to obtain certain documents related to that case. The Bankruptcy Court denied Illinois Central's motion to obtain those documents, finding that they were not judicial records. The District Court affirmed the Bankruptcy Court's decision on appeal. For the reasons set forth below, we will affirm the order of the District Court.

I.

In December 2003, a number of debtors, including Mid-Valley, Inc. and Dresser Industries, Inc., filed for Chapter 11 bankruptcy and reorganization ("*Mid-Valley*"). In May 2004, the law firm of Guy & Brock filed a Verified Statement under Fed. R. Bankr. P. 2019 in which it averred that several hundred creditors had executed Representation Agreements ("Agreements") authorizing Guy & Brock to represent them in the *Mid-Valley* bankruptcy proceedings. The Agreements themselves were not filed with the Court. These creditors were also plaintiffs in a separate, asbestos-related Mississippi state tort case, *McNeil v. Dresser Indus.* ("*Dresser*"). The *Mid-Valley* debtors were defendants in *Dresser*.

The Chapter 11 plan of reorganization in *Mid-Valley* was confirmed and approved in July 2004 and a final decree was entered in November 2005. Meanwhile, Guy & Brock, on behalf of its clients, initiated claims against Illinois Central in Mississippi state

court, alleging injuries due to asbestos exposure at railroad facilities. In this litigation, hundreds of the plaintiffs represented by Guy & Brock submitted sworn statements in which they represented that they had disclosed all of their asbestos claims against other parties. However, 248 of the plaintiffs did not disclose their involvement in *Dresser*. By affidavit, Guy & Brock acknowledged the failure to disclose, but averred that the omission was inadvertent as its clients were unaware of the *Dresser* claims filed on their behalf. This affidavit appears to conflict with Guy & Brock's Verified Statement in the *Mid-Valley* bankruptcy proceedings, and as the District Court states, "it follows that Guy and Brock has been dishonest either to the federal bankruptcy judge in Mid-Valley or to the Mississippi trial judges in [the] asbestos cases." Illinois Central believed that this discrepancy could affect the asbestos plaintiffs' action against it, and sought to obtain the Agreements.

In March 2006, Illinois Central moved to intervene in the previously closed *Mid-Valley* matter, arguing that it had common law and statutory rights to access the Agreements. The Bankruptcy Court denied Illinois Central's motion on the ground that the Agreements it sought were not "judicial records" subject to public access. The District Court affirmed the Bankruptcy Court's denial of Illinois Central's motion. Illinois Central timely appealed.[1]

---

[1]It should be noted that the District Court's docket lists William S. Guy and Thomas W. Brock, the name partners of the law firm of Guy & Brock, as appellees in their individual capacities in this matter.

II.

We have jurisdiction over this case pursuant to 28 U.S.C. §§ 158(d) and 1291.

The District Court's denial of a motion to intervene, when based solely on an underlying

question of law, is subject to plenary review. *See Pansy v. Borough of Stroudsburg*, 23

F.3d 772, 777 (3d Cir. 1994).

III.

As the District Court states, "[i]t is well-settled that there exists, in both criminal

and civil cases, a common law public right of access to judicial proceedings and records."

*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). We have defined "judicial

record" as follows:

> The status of a document as a "judicial record," in turn, depends on whether
> a document has been filed with the court, or otherwise somehow
> incorporated or integrated into a district court's adjudicatory proceedings.
> While filing clearly establishes such status, a document may still be
> construed as a judicial record, absent filing, if a court interprets or enforces
> the terms of that document, or requires that it be submitted to the court
> under seal.

*Id.* (internal citations omitted).

It is not disputed that the Agreements sought by Illinois Central were not filed with

the Bankruptcy Court, nor were they submitted to the Bankruptcy Court under seal. The

District Court reasoned, based on *Cendant*, that the Agreements could not otherwise be

deemed to have been "incorporated or integrated" into the adjudicatory proceedings

because the terms of those documents had never been "interpret[ed] or enforce[d]" by the

4

Bankruptcy Court, which had never observed or possessed these documents. *See id.* The District Court therefore affirmed the Bankruptcy Court's denial of Illinois Central's motion to intervene on the ground that those documents were not judicial records.

Illinois Central challenges the legal test applied by the District Court, arguing that *Cendant* does not explicitly state that "interpretation and enforcement" of terms is the only means by which an unfiled document can be "incorporated or integrated" into adjudicatory proceedings. Illinois Central, nevertheless, cites no authority in support of any other rule of law or for the proposition that Agreements of the type at issue are indeed judicial records.[2] Rather, Illinois Central argues that incorporation or integration occurred when the Bankruptcy Court confirmed the Mid-Valley reorganization plan based on the proxy votes cast by Guy & Brock, under authority of the Verification Statement that attested to its possession of the unfiled Agreements. Yet, again, Illinois Central cites no authority for the proposition that unfiled Representation Agreements in bankruptcy proceedings are "incorporated or integrated" into adjudicatory proceedings by virtue of indirectly serving as the foundation of the balloting and proxy-voting process. The Agreements at issue were neither filed nor submitted to the Bankruptcy Court, and, in the

---

[2]Illinois Central does cite *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783 (3d Cir. 1994) (stating that "[w]hether a document is a judicial record should turn on the use the court has made of it rather than on whether it has found its way into the clerk's file"). As the District Court correctly noted, however, the rule enunciated in *Pansy* does not apply to cases in which "final judgment ha[s] been entered and no possibility of an appeal remain[s]." 23 F.3d at 783. Such is the case here, where Illinois Central sought to intervene in the closed *Mid-Valley* matter.

context of a closed case, we decline to extend our holding in *Cendant* to encompass such a situation where the documents have not been interpreted or enforced. We therefore find that the District Court did not err in its determination that the Agreements at issue were not judicial records.

Illinois Central also argues that the District Court erred insofar as it affirmed the Bankruptcy Court's denial of its motion to intervene to procure the Agreements. Because it properly limited Illinois Central's access to "judicial records," the Bankruptcy Court did not err in denying Illinois Central's motion to intervene to obtain documents that are not judicial records.

IV.

For the forgoing reasons, we will affirm the order of the District Court.